Dear Mr. Frazier:
You have asked this office for an opinion on whether the Mayor of the Town of Zwolle may have access to the Zwolle Police Department in order to review files pertinent to items before the Mayor's Court.
The Town of Zwolle is a "special charter" town, and therefore not subject to the provisions of the Lawrason Act, LSA-R.S. 33:321 et seq. Article VII of Zwolle's Town Charter, relating to the powers of the Mayor, states:
 The mayor shall preside at all meetings of the town council, but can vote only in case of a tie vote; he shall try all persons charged with the violation of any and all offenses against the town government or infractions of town laws; he shall have power to impose fines and pass sentence to imprisonment, either in local prison or public streets, on all persons convicted by him for the violation of town ordinance [sic]; and he shall have power to appoint special officers to assist the marshal, to suppress riots, breaches of the peace, to disperse unlawful or immoral assemblages, and in all other cases where he deems it necessary to maintain law and order.
 He shall have power to appoint special officers to assist the marshal in maintaining good behavior, and good order at all peaceable assembles.
You state that the Mayor wishes to have access to the Police Department in order to perform his duties in the Mayor's Court. You also state that the Mayor desires training on the Police Department's computer in furtherance of these duties.
The Mayor clarified that he only desires access to the Police Department in order to access traffic citations that he states have not been properly forwarded to the Mayor's Court for proper disposition. The Mayor also clarifies that the computer access is desired to review records pertinent to the traffic citations. He further states that these access requests would be unnecessary if the traffic citations were forwarded to the Mayor's Court in a timely manner.
The Mayor's Court acts as any court with proper jurisdiction in determining the disposition of cases before it. Access to and the review of any item not properly filed with the Mayor's Court is tantamount to ex parte communications. Therefore, access to the Zwolle Police Department for purposes of reviewing evidence pertinent to a citation before the Mayor's Court would generally be prohibited.
However, with regard to the proper disposition of traffic citations, we refer you to LSA-R.S. 32:398.2 which, in pertinent part, states:
 A. Each traffic enforcement officer upon issuing a traffic citation to an alleged violator of any provision of the motor vehicle laws of this state or of any traffic ordinance of any city or town shall deposit the original citation or a copy of such traffic citation with a court having jurisdiction over the alleged offense or with the appropriate traffic violations bureau. However, a citation for a violation of R.S. 32:80(A) shall be deposited only with a court and not with a traffic violations bureau.
 B. Upon the deposit of the original citation or a copy of the traffic citation with a court having jurisdiction over the alleged offense or with the traffic violations bureau as set forth herein, the original citation or copy of such traffic citation shall be disposed of only by trial in the court of proper jurisdiction or any other official action by a judge of the court, including forfeiture of the bail, or by the deposit of sufficient bail with the traffic violations bureau or payment of a fine to said bureau by the person to whom such traffic citation has been issued. However, a citation or its copy alleging a violation of R.S. 32:80(A) shall be disposed of only by trial or acceptance of a plea in open court.
Article VII of the Zwolle Town Charter gives the Mayor, "the power to impose fines and pass sentence to imprisonment . . . on all persons convicted by him for the violation of town ordinance [sic]". This implicitly gives the Mayor jurisdiction over traffic ordinance citations under LSA-R.S. 32:398.2. Therefore, pursuant to that same statute, the Zwolle Police Department is mandated to deposit traffic ordinance citations with either the Mayor's Court or "the appropriate traffic violations bureau".
Should the Mayor's Court receive the citation, adequate deposit should be made such that the Mayor's Court may properly carry out its function and duties pursuant to Article VII of the Zwolle Town Charter.
While no specific period of time has been designated within which to deposit citations pursuant to LSA-R.S. 32:398.2, the Town of Zwolle's governing body may desire delinating a number of days in which to do so. Absent this directive, citation deposits should be made within an amount of time sufficient and reasonable for the Mayor to perform his duties.
Should the provisions of LSA-R.S. 32:398.2 be adhered to, the Mayor should have no need for access to the Police Department for the citations at issue. This office strongly urges all parties involved to adhere to the mandates of LSA-R.S. 32:398.2
and Article VII of the Zwolle Town Charter. Any intentional failure or refusal to perform these duties may subject these public officers to a criminal charge of malfeasance in office pursuant to LSA-R.S. 14:134.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb